```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
BRENDAN J. LYDON,             )
     Plaintiff,               )    Civil No.
                              )    12-10398-NMG
     v.                       )
                              )
LOCAL 103, INTERNATIONAL      )
BROTHERHOOD OF ELECTRICAL WORKERS, )
     Defendant.               )
_____)
```

### MEMORANDUM AND ORDER

**GORTON, J.**

Defendant Local 103, International Brotherhood of Electrical Workers has moved, pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the part of plaintiff Brendan J. Lydon's claim brought under the Labor Management and Disclosure Act, 29 U.S.C. § 401, et. seq. ("the Act"). Because plaintiff has failed to plead sufficiently to state a claim for relief that is plausible on its face, defendant's motion will be allowed and plaintiff's claim will be dismissed without prejudice. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Plaintiff filed his Amended Complaint while proceeding pro se and, as a result, his claims are imprecise. Plaintiff's claim under § 401, et. seq. apparently alleges that defendant impermissibly disciplined him or infringed his free speech rights

by denying him further work referrals because plaintiff complained of defendant's referral practices to the International Office. The Court construes this claim as alleging that defendant violated either 29 U.S.C. §§ 101(a)(5) and 609 or § 411.

With respect to plaintiff's first theory, those allegations cannot demonstrate that he was "otherwise disciplined" by the defendant within the meaning of §§ 101(a)(5) and 609 of the Act because the denial of referrals by a non-exclusive hiring hall does not constitute "discipline" within the meaning of those provisions. See Breininger v. Sheet Metal Workers Int'l Assocation Local Union No. 6, 493 U.S. 67, 91-92, 94 (1989).

With respect to his second theory, plaintiff has cited no authority that such allegations are sufficient to show that the defendant has infringed upon plaintiff's rights protected under § 411 of the Act. Even if there were such authority, however, the Amended Complaint is devoid of facts that suggest that defendant's failure to grant him employment referrals was in anyway related to his voicing objections to the defendant's employment referral procedures.

The Court is mindful, that plaintiff has only recently retained counsel. The Court will, therefore, permit counsel to file on or before December 14, 2012, a second amended complaint that addresses the noted deficiencies.

**ORDER**

In accordance with the foregoing, the defendant's motion to dismiss plaintiff's claim (Docket No. 14) is **ALLOWED** and plaintiff's claim under 29 U.S.C. § 401, et. seq. is **DISMISSED WITHOUT PREJUDICE.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 30, 2012