UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____  )
                                )
BRENDON J. LYDON,               )
                                )
    Plaintiff,                  )
                                )
v.                              )
                                )   C.A. No. 12-10398-NMG
LOCAL 103, INTERNATIONAL        )
BROTHERHOOD OF ELECTRICAL       )
WORKERS,                        )
                                )
    Defendant.                  )
_____  )

**MOTION BY DEFENDANT INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 103, TO STAY THE AUTOMATIC DISCLOSURES REQUIREMENT**

Defendant International Brotherhood of Electrical Workers, Local 103 ("Local 103") respectfully requests that the Court stay the requirement for automatic disclosures until two weeks after the Court enters its order on Local 103's pending motion to dismiss, or in the alternative, for summary judgment.

In support of said request, Local 103 states as follows:

1. In its first motion to extend the time for automatic disclosures, Local 103 explained that the Court's decision on Local 103's pending motion to dismiss, or in the alternative, for summary judgment, may impact the automatic disclosures due, and accordingly, Local 103 requested that the Court extend the parties' time to serve automatic disclosures until at least February 14, 2013, or to such subsequent date as was appropriate after the Court ruled on the pending motion. See Document 58. Plaintiff assented to this first motion to extend, and on February 1, 2013 the Court issued an electronic order granting the motion for extension of time to February 14, 2013 for automatic disclosures. See Document 59.

2. In its second motion to extend the time for automatic disclosures, Local 103 explained that the motion to dismiss, or in the alternative for summary judgment, remained pending, with Local 103 having filed a reply brief with leave of court that same day. See Document 64. Local 103 requested a further continuance of the parties' time to serve automatic disclosures until at least February 28, 2013, or to such subsequent date as is appropriate after the Court rules on the pending motion. Plaintiff assented to this second motion to extend, and on February 14, 2013 the Court issued an electronic order granting the motion for extension of time for automatic disclosure. See Document 64.

3. Counsel for Local 103 understood the Court's order granting the motion for extension of time for automatic disclosure to include Local 103's requested alterative relief, namely, that the time for automatic disclosures be extended "to such subsequent date as is appropriate after the Court rules on the pending motion." Plaintiff's counsel has advised Local 103's counsel, however, that Plaintiff's counsel objects to the absence of a date certain for the initial disclosures and that he views the Court's order as having extended the time only to February 28, 2013.

4. To avoid confusion and further repetitive motions, Local 103 respectfully requests that the requirement for automatic disclosures be stayed until two week after the Court rules on the pending dispositive motion. The motion to stay is made on the same grounds as the first two motions to extend, namely, to avoid potentially unnecessary burden as the Court's decision on the pending dispositive motion could eliminate entirely or narrow substantially the automatic disclosures required of Local 103. The suggested duration of two weeks is to allow Local 103 adequate time to complete automatic disclosures in the event that the case is not dismissed in its entirety, while still giving Plaintiff a date certain.

WHEREFORE, Local 103 requests that the requirement for automatic disclosures be stayed until two week after the Court rules on Local 103's pending motion to dismiss or, in the alternative, for summary judgment.

         Respectfully submitted,

         INTERNATIONAL BROTHERHOOD OF
         ELECTRICAL WORKERS, LOCAL 103,

         By its attorney,

          /s/ Indira Talwani
         Ira Sills (BBO #462220)
         Indira Talwani (BBO #645577)
         Segal Roitman, LLP
         111 Devonshire Street, 5th Floor
         Boston, MA 02109
         (617) 603-1427
         italwani@segalroitman.com

March 11, 2013

## CERTIFICATION PER LOCAL RULE 7.1(a)(2)

  I, Indira Talwani, hereby certify that I have conferred with counsel for Plaintiff and have attempted in good faith to resolve or narrow the issue.

         /s/ Indira Talwani

## CERTIFICATE OF SERVICE

  I, Indira Talwani, hereby certify that on this 11th day of March, 2013, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

         /s/ Indira Talwani, Esq.